CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUL 0 6 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 3:04-CR-00047 |
| v. | MEMORANDUM OPINION |
| LOUIS ANTONIO BRYANT, ET AL., *Defendants.* | JUDGE NORMAN K. MOON |

This matter comes before the Court on the Government's Motion for Exclusion of Time under the Speedy Trial Act, filed May 3, 2005. Defendant Louis Antonio Bryant filed a memorandum in opposition to the Government's motion on May 10, 2005. For the reasons stated below, the Court GRANTS the Government's Motion for Exclusion of Time under the Speedy Trial Act.

The Government requests that this Court exclude 180 days from the calculation of time before which this matter must be brought to trial under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A), because of the complexity of this case. Defendant objects, arguing that such an exclusion is not justified. The Court, however, finds that because of the number of defendants in this case and the large amount of evidence, this case is so "complex" that "it is unreasonable to expect adequate preparation" for the trial within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(B)(ii). Therefore, the Court finds that the ends of justice served by granting the exclusion outweigh the best interest of the public and the defendant in a

speedy trial. 18 U.S.C. § 3161(h)(8)(A). Accordingly, the Court GRANTS the Government's Motion to exclude 180 days from the Speedy Trial Act calculation under 18 U.S.C. § 3161(h)(8)(A).

Defendant also asserts that his Sixth Amendment speedy trial rights have been violated in this case. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. In order to establish a Sixth Amendment speedy trial violation, a defendant "must show first that the Amendment's protections have been triggered by 'arrest, indictment, or other official accusation.'" *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995) (quoting *Doggett v. United States*, 505 U.S. 647, 655 (1992)). If a defendant does so, the court then must make four separate inquiries to determine whether a defendant's speedy trial rights have been violated: (1) whether the delay before trial was uncommonly long; (2) the reason for the delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice as a result of the delay. *United States v. Grimmond*, 137 F.3d 823, 827 (4th Cir. 1998) (citing *Barker v. Wingo*, 407 U.S. 514, 530–32 (1972)). The first inquiry also is a threshold requirement which a defendant first must overcome in order to trigger a Sixth Amendment speedy trial analysis. *Doggett*, 505 U.S. at 651–52. Once a defendant meets this threshold requirement, the defendant must show on balance that the four inquiries weigh in his or her favor. *Id.*

Here, Defendant was indicted on July 15, 2004, and the indictment was unsealed on July 16, 2004. The trial is scheduled for November 7, 2005. The postaccusation delay is approaching a year, and by the time of trial the delay will be approaching sixteen months. The Supreme Court has said that postaccusation delay is presumptively prejudicial and thus meets the

2

threshold requirement at least as it approaches one year. *Id.* at 652 n.1. Therefore, the delay in this case is presumptively prejudicial and meets the threshold requirement for a Sixth Amendment speedy trial analysis.

Although the delay in this case meets the threshold requirement, the Court also must evaluate the delay as one of the four factors to weigh on balance. The Court must consider "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *See id.* at 651 (stating that the presumption that pretrial delay has prejudiced the accused intensifies over time). In this case, the delay of sixteen months is just a few months longer than the threshold of one year necessary to trigger a Sixth Amendment analysis. The Fourth Circuit has found no Sixth Amendment speedy trial violation in cases involving much longer delays. *See, e.g., United States v. Hopkins*, 310 F.3d 145 (4th Cir. 2002) (finding no Sixth Amendment violation for a two year delay); *United States v. Thomas*, 55 F.3d 144 (4th Cir. 1995) (finding no Sixth Amendment speedy trial violation for a three-and-a-half year delay). Accordingly, the length of the delay in this case weighs only slightly in Defendant's favor because it is not much longer than the minimum needed to trigger judicial examination of the claim.

The Court next must consider the reason for the delay. The Government has moved for several continuances in this case, citing the complexity of the case as their reason for seeking the continuances. This case involves an alleged racketeering enterprise that was responsible for distributing significant amounts of cocaine, cocaine base, marijuana, heroin, and phencyclidine (also known as "PCP") from the mid 1990s until 2005. The forty-page superceding indictment charges twenty defendants and involves allegations of twenty-one separate acts of drug

distribution. The Government already has produced over 3500 pages of discovery. The Court finds that the complexity of this case is a valid reason for the Government's delay. Therefore, this factor will weigh in favor of the Government. *See United States v. Grimmond*, 137 F.3d 823, 828 ("Valid reasons for delaying a trial are weighted in favor of the Government.").

The third inquiry requires the Court to determine whether, in due course, Defendant asserted his speedy trial rights. Defendant first asserted his speedy trial rights when he filed this opposition on May 10, 2005, almost ten months after he was indicted. Defendant did not file an objection to the Government's first motion to continue, which was filed on September 1, 2004. On October 21, 2004, the Government filed a second motion to continue. At the hearing on the motion, held on October 27, 2004, Defendant's attorney stated that Defendant *did not object* to the motion to continue. Because Defendant did not assert his speedy trial rights until May 10, 2005, ten months after he was indicted, and possibly even waived his speedy trial rights at the October 27 hearing, this third inquiry weighs against Defendant.

Finally, the fourth inquiry requires the Court to determine whether Defendant suffered prejudice as a result of the delay. Pretrial delay can cause several types of harm to a defendant, including "oppressive pretrial incarceration," "anxiety and concern of the accused," and "'the possibility that the [accused's] defense will be impaired' by dimming memories and loss of exculpatory evidence." *See Doggett*, 505 U.S. at 654 (citing *Barker*, 407 U.S. at 532). The impairment of the defense is the most serious of these three harms. *Id.* In fact, if the government has pursued a defendant with reasonable diligence, a defendant's Sixth Amendment speedy trial claim is precluded *unless* the defendant can show specific prejudice to his or her defense. *See Thomas*, 55 F.3d at 150 (stating that a showing of reasonable diligence by the

4

government "would altogether preclude a Sixth Amendment speedy-trial claim absent a showing of specific prejudice to [the defendant's] defense.") (citing *Doggett*, 505 U.S. at 656). Here, the Court finds that the Government has proceeded with reasonable diligence given the complexity of the case. Defendant argues that he has suffered prejudice by being incarcerated during the delay. However, Defendant cannot show prejudice to his defense because the case has not yet proceeded to trial. Accordingly, because Defendant cannot show that the delay caused specific prejudice to his defense, the fourth inquiry weighs in favor of the Government and Defendant's Sixth Amendment speedy trial claim must fail.

Accordingly, because the four-part speedy trial inquiry weighs in favor of the Government, the Court finds that Defendant's Sixth Amendment speedy trial rights have not been violated. Thus, the Court GRANTS the Government's Motion for Exclusion of Time under the Speedy Trial Act and also DENIES Defendant's Sixth Amendment speedy trial claim.

An appropriate Order shall issue.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____
U.S. District Judge

_____
Date: July 6, 2005