

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 3:04-CR-00047 |
| v. | OPINION AND ORDER |
| LOUIS ANTONIO BRYANT ET AL.<br><br>*Defendants.* | JUDGE NORMAN K. MOON |

This matter comes before the Court on an oral motion to suppress all discovery provided by the Government on or after September 2, 2005. This motion was brought by Defendant Louis Bryant at a hearing held October 17, 2005.

On September 2, 2005, the Government wrote a letter to defense counsel informing them of the availability of documents and CDs available for inspection and copying, more than two months before the November 7, 2005 trial date.[1] Some of these materials had been seized during a search executed on July 21, 2005. On September 9, 2005, the Government wrote another letter informing defense counsel that seven of the CDs previously made available were unable to be copied but could be reviewed at the U.S. Attorney's Office. On October 12, 2005, the Government forwarded to all defense counsel 359 pages of additional discovery documents; informed them of audio and video material available for review at the U.S. Attorney's Office;

---

[1] The first batch of Government discovery, consisting of approximately 3500 pages of indexed material, was made available for copying on March 7, 2005. Defendants do not object to the timeliness of this first production.

and disclosed that a ballistics report and aerial photographs would be forthcoming and produced promptly when received by the Government.

Defendant argues that his Due Process rights and his Sixth Amendment right to effective assistance of counsel would be violated if the Government were allowed to "sandbag" the defense by introducing evidence from among thousands of pages of discovery first made available to Defendant on or after September 2, 2005. [Tr. 8-9]. Defendant says he suspects some of this discovery includes exculpatory material, and, whatever its contents, should have been provided earlier. [Tr. 2, 8-9].

The Government has represented that none of the discovery produced after September 2, 2005 is material or favorable to Defendant, and that the Government has made discovery available to defense counsel in a timely manner as it has been obtained. [Tr. 4-5, 7].

Defendant has cited no authority to support his claim that the Government's schedule of discovery production violates Fed. R. Crim. P. 16(a), Due Process, or his right to effective assistance of counsel. The only specific fact Defendant argues is that material first seized on July 21, 2005 and made available by the Government on September 2, 2005 could have been produced earlier. [Tr. 8].

Rule 16(a) itself is silent about the timing of disclosures. The only potentially relevant[2] Advisory Committee comment is quite general: "Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion." Fed. R. Crim. P. 16 advisory committee's note (1993 Amendment).

---

[2] The Committee's remark was made only in reference to subdivision (a)(1)(E) of Rule 16. It may not even provide persuasive guidance with respect to the other subparts of Rule 16(a) because (a)(1)(E) deals with expert examinations and tests particularly difficult to rebut without sufficient time to consult with other experts.

The Court finds nothing in Rule 16(a) requiring the immediate turnover of discovery material by the Government, and finds that the Government has complied with its Rule 16(a) by fulfilling its disclosure obligations in a reasonably timely manner. Defendant should not suffer unfair surprise or be unduly hampered in preparing a defense, as the bulk of the disputed discovery was made available more than two months prior to trial. Defense counsel knows that this is a complicated conspiracy and racketeering case involving numerous defendants, and should have anticipated that discovery would continue to be generated in the months and days leading up to trial.

With respect to the timing of *Brady* disclosures, even if the Government's discovery did contain *Brady* material, disclosure need only be made at a time when it "would be of value to the accused" which would have to be "at least[] before the taking of the accused's evidence is complete." *Hamric v. Bailey*, 386 F.2d 390, 393 (4th Cir. 1967). The Fourth Circuit has further elaborated that "it may well be that in a more complicated situation, where there is exculpatory evidence having 'a material bearing on defense preparation', the Government should provide the defense with the exculpatory material prior to trial, otherwise the defense would not be able to 'capitalize' on it." *U.S. v. Anderson*, 481 F.2d 685 (4th Cir. 1973) (citing *United States v. Ahmad*, 53 F.R.D. 186, 193-194 (D.C. Pa. 1971)). Because Defendant only suspects the existence of (and has not pointed the Court to) any *Brady* material, the Court cannot evaluated whether this is a "more complicated situation." In any event, the disputed discovery possibly containing *Brady* material has been provided sufficiently far before trial to "be of value" and be "capitalized" on by Defendant.

Defendant's motion therefore is DENIED.

It is so ORDERED.

The Clerk of the Court is directed to send certified copies of this ORDER to all Counsel of Record.

ENTERED: *[signature]*
U.S. District Judge

October 27, 2005
Date