IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE No. 3:04-CR-00047 |
| v. | OPINION AND ORDER |
| LOUIS ANTONIO BRYANT ET AL.<br>*Defendants.* | JUDGE NORMAN K. MOON |

This matter comes before the Court on Defendant Louis Bryant's Motion to Strike the November 7 Jury Panel.

On November 7, 2005, jury selection began in this case. Due to numerous jurors' failure to appear and after many jurors were struck from the panel for cause, too few jurors remained to select twelve jurors and four alternates while allowing the parties the permitted number of peremptory strikes. As a result, a second panel has been called and will be subject to voir dire the morning of November 14, 2005. When combined with the remaining panel from November 7, who have been instructed to reappear the afternoon of November 14, the parties will have a panel of sufficient size from which to exercise their peremptory strikes and finalize selection.

Defendant Louis Bryant argues that conducting separate voir dire proceedings violates his client's Fifth and Sixth Amendment rights to a fair trial by an impartial jury because (1) "jurors will rely in the jury room on the hearsay experience of the jurors from a different panel about what they experienced during voir dire" and (2) the November 14 panel cannot sufficiently answer the important question of whether panel members know one another without being in the

same room as the November 7 panel.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to be tried "by a panel of impartial, 'indifferent' jurors," which is a prerequisite to a fair trial that satisfies the basic principles of due process. *See Irvin v. Dowd*, 366 U.S. 717, 722 (1961). Voir dire examination is a principal means of enabling the court to select an impartial jury. *See Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991).

In conducting the voir dire of the jury, the trial court has broad discretion. *Ristaino v. Ross*, 424 U.S. 589, 594 (1976) ("Voir dire is conducted under the supervision of the court, and a great deal must, of necessity, be left to its sound discretion." (internal quotation marks omitted)); *Kasi v. Angelone*, 300 F.3d 487, 509 (4th Cir. 2002).

Defendant has not demonstrated how the separate voir dire proceedings will jeopardize the selection of an impartial jury. The November 7 panel has been and the November 14 panel will be cautioned that nothing said or done during the voir dire proceeding is evidence against Defendants. The final jury will be instructed to decide the case solely on the basis of evidence properly offered at trial. Nothing unusual or extraordinary occurred on November 7, and there is no basis for believing that the November 14 voir dire will proceed differently in any material respect. Thus, Defendant's fear that hearsay accounts of different voir dire experiences will somehow adulterate the jury's deliberations is totally speculative and unfounded. Further, as the Court intends to combine the two panels on the afternoon of November 14 before proceeding to the final selection or jurors, defense counsel will have ample opportunity to determine whether *anyone* among the two sets of panel members know one another.

Defendant also contends that the November 7 panel must be struck because members were unfairly and unnecessarily alerted that Defendants Bryant, Moore and Maupin are

incarcerated pretrial when (a) the incarcerated defendants entered the courtroom from the rear of the courtroom accompanied by United States Marshals when the jury panel was already seated in the courtroom and (b) some jurors allegedly saw the defendants escorted in the hall by the marshals during a break. Defendant contends that the possible discovery by the jury of Defendants' incarceration status has seriously prejudiced their right to a fair trial.

This is not a case in which Defendants were compelled to wear prison garb. *Compare Estelle v. Williams*, 425 U.S. 501 (1976). Instead, Defendants wore lay clothing throughout the proceeding. Nor did Defendants suffer the "inherently prejudicial" effects of having the jury see them shackled. *Compare Deck v. Missouri*, __ U.S. __, 125 S.Ct. 2007, 2015 (2005). None of them were shackled or handcuffed during the proceedings. This case is thus analogous to *United States v. Wright*, 564 F.2d 785 (8th Cir. 1977), in which the trial court's decision not to grant a mistrial after "one or more of the jurors may have seen the defendants handcuffed in the custody of the marshal" while the jury was on a break was affirmed. Here, the risk of prejudice is even slighter. Again, Defendants were not handcuffed. With the exception of Defendant's contention that one of the marshals was wearing a pin in the courtroom, nothing the marshals wore indicated their position or role. They were not in uniform, and merely walked alongside the Defendants during both of the alleged sightings. The risk of any unfair prejudice is slim to nil.

Next, Defendant broadly attacks the racial composition of the jury panel, arguing that the jury panels are "overwhelmingly white."

The Constitution does not require that the selection of a juror pool "be a statistical mirror of the community; it is sufficient that the selection be 'in terms of a fair cross-section' gathered without active discrimination." *U.S. v. Cecil*, 836 F.2d 1431, 1445-46 (4th Cir. 1988). Defendant has not offered any data to enable the Court to determine whether the panels represent

a "fair cross-section" of the community, nor has he provided any evidence that the jury pool was gathered in an actively discriminatory manner. Thus, the Court DENIES Defendant's request for relief with respect to the racial composition of the venire.

The Court will RESERVE JUDGMENT on Defendant's motion for additional peremptory strikes under Fed. R. Crim. P. 24(b), and DENIES Defendant's motion to strike the November 7 panel.

It is so ORDERED.

The Clerk of the Court is directed to send certified copies of this ORDER to all Counsel of Record.

ENTERED: _____
U.S. District Judge

November 10, 2005
Date