CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

NOV 2 8 2005

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LOUIS ANTONIO BRYANT<br><br>*Defendant.* | CRIMINAL CASE NO. 3:04-CR-00047<br><br>OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

This matter comes before the Court on Defendant Louis Bryant's second motion to suppress certain evidence, filed November 6, 2005. The Government filed a motion in opposition and a hearing on the motion was held on November 18, 2005, out of the jurors' presence.

Louis Bryant first argues that evidence that a clear plastic jar containing marijuana and a large sum of U.S. currency was found in his front pockets should be excluded because the police lacked probable cause to stop the car in which he was a passenger and thus any evidence recovered thereafter is fruit from a poisonous tree. Defendant also maintains that the ensuing search of his person was not justified under *Terry v. Ohio*,[1] and, in any event, exceeded the scope of searches permissible under *Terry*.

Officer Ewald of the Philadelphia Police Department testified that he stopped the BMW in which Defendant was a passenger because the inspection and emission stickers were expired in violation of Pennsylvania law. This testimony is corroborated by his June 28, 2003

---

[1] 392 U.S. 1 (1968).

Philadelphia Police Department Arrest Report. [Gov't Opp. Exh. A]. A vehicle stop is permitted upon reasonable and articulable suspicion of unlawful conduct, *United States v. Arvizu*, 544 U.S. 273-75 (2002), which clearly existed in this case.

After stopping the car, Officer Ewald ran its Vehicle Identification Number through a computer in his squad car, which revealed that it had been reported stolen.[2] This finding justified Officer Ewald's continued seizure of the vehicle and decision to call for backup. *See United States v. Rusher*, 966 F.2d 868, 876-77 (4th Cir. 1992).

Police may conduct a patdown search without a warrant if the officer has an articulable, reasonable suspicion that a person is involved in criminal activity and that he is armed. *Terry*, 392 U.S. at 22. While a generalized risk to officer safety during traffic stops does not justify a routine "pat-down" of all passengers as a matter of course, *U.S. v. Sakyi*, 160 F.3d 164, 168-69 (4th Cir. 1998), the Fourth Circuit has upheld *Terry* searches of passengers when the officer had a reasonable suspicion that the passenger was armed or engaged in criminal activity. *See United States v. Sakyi*, 160 F.3d 164, 168-69 (4th Cir. 1998) (permitting patdown of passengers where the officer had a reasonable suspicion that the car contained illegal drugs); *United States v. Raymond*, 152 F.3d 309, 312 (4th Cir. 1998) (upholding admission of fruits of passenger patdown where passenger had chattered nervously and exited the car in a suspicious manner). The Court finds that Defendant's association with the driver of a stolen vehicle created sufficient articulable suspicion to justify the limited *Terry* frisk of Defendant that led to discovery of the challenged evidence. *Cf. United States. v. Williams*, 7 Fed. Appx. 876 (10th Cir. 2001) (unpublished opinion) (finding that passenger's presence in van in which driver failed to produce

---

[2]An officer conducting a routine traffic stop may request a driver's license and vehicle registration and run a computer check to determine whether the vehicle is stolen. *See, e.g., United States v. Rusher*, 966 F.2d 868, 876 (4th Cir. 1992); *U.S. v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005).

any indicia of his right to operate the van, combined with driver's and passenger's inconsistent statements about their itinerary, justified *Terry* frisk of passenger).

Louis Bryant next argues that Officer Davis, who Officer Ewald called in to provide backup, exceeded the scope of *Terry* by requiring him to remove a film canister-sized plastic container from his front pocket. Officer Davis testified that he felt the hard object and was concerned it may have been a weapon. Louis Bryant argues that Officer Davis could not have reasonably suspected that an item of that size was a weapon.

Because the justification for a *Terry* search is the protection of the police officer and others nearby, the frisk must "be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." *Terry*, 392 U.S. at 29. "Having detected the presence of an unknown, potentially dangerous object on a suspect during a frisk, the test for whether an officer may search farther and seize the item is an objective one." *United States v. Swann*, 149 F.3d 271, 275 (4th Cir. 1998). The question therefore is whether it was objectively reasonable for Officer Davis to believe that the hard object in Louis Bryant's front pocket could likely be a weapon and to seize the item to satisfy himself that it was not something that could be used to inflict harm. *Id.* at 276. In light of the small cylindrical size of some weapons (like Swiss army knives) and an officer's need to make "quick decision[s] as to how to protect [themselves] and others from possible danger," *Terry*, 392 U.S. at 28, the Court finds that it was objectively reasonable for Officer Davis to dispel his suspicion that the object he felt was a weapon. Officer Davis was then justified in seizing the canister when he saw in plain view that it contained green vegetable matter that appeared to be marijuana.

Louis Bryant's possession of what appeared to be an illegal drug gave probable cause for

his arrest. Thus, although Officer Davis likely exceeded *Terry*'s scope by requiring Louis Bryant to remove a wad of U.S. currency from his front pocket,[3] this seizure is protected under the inevitable discovery doctrine, as he was entitled to conduct a full search incident to arrest.

Louis Bryant also challenges the March 19, 2003 seizure of items found in the Cadillac Escalade that he apparently drove.[4] The warrant for the search of the vehicle was supported by a detailed and credible affidavit showing probable cause for the search. [Gov't Opp. Exh. B]. His only Fourth Amendment claim is that the key to the Escalade had been improperly seized from his person during the search of a nearby apartment, and thus items seized after the officers used the key to gain access to the Escalade are poisonous fruits. This argument has no merit, because officers have methods other than keys to gain entry to vehicles and the items found in the Escalade would inevitably have been discovered. *See Nix v. Williams*, 467 U.S. 431 (1984).

The Court therefore DENIES Defendant's motion to suppress in its entirety.

It is so ORDERED.

The Clerk of the Court is directed to send certified copies of this ORDER to all Counsel of Record.

ENTERED: _____
U.S. District Judge

11/25/05
Date

---

[3] It was not clear from Officer Davis' testimony whether the wad of currency was removed from Louis Bryant's pocket during the *Terry* search or after his arrest.

[4] The Cadillac was registered in the name of John Bryant, Louis Bryant's uncle and a co-Defendant in this case.