CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

DEC 0 1 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE No. 3:04-CR-00047 |
| v. | OPINION AND ORDER |
| LOUIS ANTONIO BRYANT | |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter comes before the Court on Defendant Louis Bryant's motions in limine to exclude certain evidence. In a written motion filed November 15, 2005, Defendant stated that evidence of criminal activity not specifically referenced in the indictment "is more prejudicial to Defendant than probative." During the voir dire process, Defendant also orally objected to the Court's reading of allegations of certain acts contained in the indictment on the grounds that they were committed outside the applicable statute of limitations.

Fed. R. Ev. 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Defendant has not specifically cited which, if any, evidence of criminal activity raises the specter of "unfair" prejudice, and thus the Court has no basis on which to exclude any such evidence.

Defendant's statute of limitations argument also has no merit. The indictment in this case charges overt acts and racketeering activity under 21 U.S.C. §846 and 18 U.S.C. §1962(d), respectively, beginning in 1995 and continuing to the return date of the First Superceding Indictment on February 16, 2005. The statute of limitations governs whether charges are

properly brought—as clearly they were in this case, since both conspiracies were alleged to be extant as of the time of the Indictment—but has no bearing on the admissibility of evidence related to those charges. Once a conspiracy is properly charged, the evidence of all overt acts and conduct that form part of the conspiracy and/or racketeering activity is admissible as proof of the conspiracy. In fact, a defendant may be convicted of a conspiracy based solely on conduct that occurred prior to the limitations period provided that defendant's participation in the conspiracy continued into the limitations period. *See United States v. Urbanik*, 801 F.2d 692, 696-97 (4th Cir. 1986); *United States v. Salerno*, 868 F.2d 524, 534 (2d Cir. 1989); *United States v. Vogt*, 910 F.2d 1184, 1195-96 (4th Cir. 1990). Thus, Defendant's otherwise admissible acts of conspiratorial conduct may be introduced even if they occurred outside the limitations period.

Defendants' motions therefore are DENIED.

It is so ORDERED.

The Clerk of the Court is directed to send certified copies of this ORDER to all Counsel of Record.

ENTERED: _____
U.S. District Judge

12-1-05
Date