CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
AUG 29 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 3:04-CR-00047 |
| v. | OPINION AND ORDER |
| LOUIS ANTONIO BRYANT ET AL. | |
| *Defendants.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Louis Bryant's Motion to Correct and Reduce Sentence, filed August 25, 2006, and supplemented later that day, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure.

Provided that it acts within seven days after sentencing, a district court may correct a sentence that resulted from clear error. Fed. R. Crim. P 35(a); *United States v. Shank*, 395 F.3d 466 (4th Cir. 2005). Defendant was sentenced on August 18, 2006. Excluding weekends as required under Rule 45(a)(2), the Court has jurisdiction to correct the sentence.

"A district court's authority to correct a sentence imposed as a result of 'clear error' is limited to 'cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a).'" *United States v. Ward*, 171 F.3d 188, 191 (4th Cir. 1999) (citing *United States v. Waters*, 84 F.3d 86 (2d Cir.1996)).

After a jury verdict of guilty on eight counts, Defendant was sentenced, *inter alia*, to a

1

term of life on Count Two (conducting a continuing criminal enterprise ("CCE") in violation of

21 U.S.C. §848(b)) and Count Three (RICO conspiracy in violation of 18 U.S.C. § 1962(d)).[1]

The only nonfrivolous argument raised in Defendant's motion is that the Court erred in imposing

a life sentence for Count Three.

The maximum punishment for a violation of 18 U.S.C. § 1962 is imprisonment of "not

more than 20 years (or for life if the violation is based on a racketeering activity for which the

maximum penalty includes life imprisonment)." 18 U.S.C. § 1963(a).

On the verdict form, the jury found that Defendant agreed to commit numerous predicate

racketeering acts including an attempted murder, two acts of extortion by threats, and acts

involving drug trafficking. Because the maximum penalties for attempted murder and extortion

by threats are ten years, *see* 18 U.S.C. 1961(1), Va. Code §§ 18.2-10, 18.2-26, 18.2-32, 18.2-59,

the Court's imposition of a life sentence on Count Three was only appropriate if one of the drug

trafficking racketeering acts is punishable by life imprisonment. Only if the jury found that either

Count One or Count Two, the penalties for which include life imprisonment,[2] were predicate

racketeering acts would Count Three be punishable by up to a term of life imprisonment.

Defendant urges, and the Court agrees, that the verdict form does not show with sufficient

---

[1] Pursuant to *Rutledge v. United States*, 517 U.S. 292 (1996), the Court declined to
sentence Bryant on Count One (narcotics conspiracy in violation of 21 U.S.C. §§ 841(a)(1), 846),
as it is a lesser included offense of Count Two.

[2] The jury unanimously found that the narcotics conspiracy charged in Count One
involved an agreement to distribute or possess with intent to distribute 50 grams or more of
cocaine base, and thus Count One is punishable by up to a life term. 21 U.S.C. §§841(b)(1)(A),
846. And because the jury unanimously found that the CCE charged in Count Two involved the
distribution of more than 1.5 kg of mixtures and substances containing a detectable amount of
cocaine base, it is punishable by a mandatory term of life imprisonment. 21 U.S.C. § 848(b).

2

clarity that the jury made the necessary finding. The Court should have drafted subpart (i) on

page seven of the verdict form more artfully. That part of the form provides in relevant part:

> The elements of Count Three are given in the instructions, and you should not find the Defendant guilty unless the Government has proven each element beyond a reasonable doubt.[3] You will now be asked to make special findings as to one of the elements of Count Three . . . .
>
> To find the Defendant guilty of Count Three, you must unanimously agree that the Defendant agreed that he himself or another member of the enterprise would commit two or more acts of racketeering; and you must unanimously agree as to the two or more *specific* acts Defendant agreed that himself or another member of the RICO conspiracy would commit.
>
> (i) Do you find beyond a reasonable doubt that the pattern of racketeering activity agreed to by the Defendant included any act involving drug trafficking (including distribution, possession with intent to distribute a controlled substance, and conspiracy to distribute or possess with intent to distribute)?
>
> YES_____        NO_____
>
> Count One, Count Eleven, and each of the "predicate acts" listed on pages 4-5 of this form are racketeering acts "involving drug trafficking." Please provide the number of these specific acts you unanimously agree beyond a reasonable doubt that the Defendant agreed that he himself or another member of the enterprise would commit:

---

[3] The Court instructed the jury that the elements of a RICO conspiracy are:

(1) A conspiracy or agreement to establish an enterprise that would be engaged in, or the activities of which would affect, interstate commerce;
(2) With knowledge of the enterprise's purpose, the Defendant agreed that he would be employed by, or associated with, the enterprise; and
(3) The Defendant knowingly agreed to conduct or participate, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity.
*Jury Instr.*, p. 40.

The Court defined "pattern of racketeering activity" as "(1) at least two 'acts of racketeering' . . . within 10 years of each other (2) that are 'related' and (3) extend over a substantial period of time or pose a threat of continued criminal activity." *Id.* at 46. The Court further instructed, "For you to convict the Defendant, the Government must prove that he agreed with at least one other co-conspirator that a member of the conspiracy, not necessarily the Defendant, would commit at least two racketeering acts *in furtherance of the affairs of the enterprise.*" *Id.* at 47 (emphasis added).

3

Number of Drug Trafficking Acts: _____

*Verdict Form,* docket no. 1007, p. 7 (May 25, 2006) (emphasis in original). The jury marked

"Yes" in response to the first question and wrote "10" as the number of drug trafficking acts. *Id.*

Reading the verdict form as a whole, the "10" acts most likely refer to the CCE predicate

acts of marijuana or cocaine base possession or distribution the jury had previously marked as

"proven" on pages 4 and 5 of the verdict form in connection with Count Two. The jury probably

misunderstood the Court's unclearly expressed instruction that it should add together all

narcotics law violations satisfying the statutory definition of racketeering act—which would

potentially include the drug conspiracy underlying Counts One and Two[4]—found to be part of

the agreed pattern of racketeering activity.

Thus, the "10" narcotics racketeering acts appear not to include either Counts One or

Two.[5] This jury finding could signify a reasonable misunderstanding of the verdict form's

instructions, an inconsistent verdict, a problem with simple arithmetic, or, less likely, a deliberate

finding that the narcotics conspiracy was not itself part of the pattern of racketeering activity. It

is not for the Court to speculate which of these is the case; it also bears emphasis that the guilty

verdicts for Counts One and Two do not automatically translate into a jury finding that

Defendant agreed that the underlying drug conspiracy would be carried out as part of the pattern

of racketeering activity. Although a narcotics conspiracy can serve as a predicate racketeering

---

[4] *See* 18 U.S.C. § 1961(1); *United States v. Pungitore,* 910 F.2d 1084, 1134 (3d Cir. 1990).

[5] As noted above, Count One is a lesser included offense of Count Two because both involve the same underlying narcotics conspiracy. As a result, the verdict form listed Count One, but not Count Two, as a potential predicate racketeering act, so as to avoid double counting of the same conspiracy.

4

act of a RICO conspiracy, the two types of conspiracies are distinct:

> It is important to bear in mind that the RICO conspiracy and the predicate conspiracy are distinct offenses with entirely different objectives. As stated in *United States v. Riccobene*, the objective of a RICO conspiracy is to "assist the enterprise's involvement in corrupt endeavors." 709 F.2d at 224 (citation omitted). In contrast, the objective of the predicate conspiracy is confined to the commission of a particular substantive offense, in this case, individual acts of murder. *Ruggiero*, 726 F.2d [913, 923 (2d Cir. 1984) (abrogated in part on other grounds)] ("A RICO conspiracy under 1962(d) based on separate conspiracies as predicate offenses is not merely a 'conspiracy to conspire' as alleged by appellants, but is an overall conspiracy to violate a substantive provision of RICO."). [A] RICO conspiracy and its underlying conspiracy offenses arise from different agreements . . . .

*United States v. Pungitore*, 910 F.2d 1084, 1135 (3d Cir. 1990).

Pursuant to 21 U.S.C. §841(b)(1)(C), distribution or possession with intent to distribute cocaine base is punishable by a term of imprisonment of no more than 20 years.

Thus, the Court agrees with Defendant that it was clear error to impose a life sentence in connection with Count Three, and that a portion of the Court's sentence should be vacated.

The appropriate offense level for the RICO conspiracy is "the greater of (1) 19 or (2) the offense level applicable to the underlying racketeering activity." U.S.S.G. §2E1.1 (2005). The highest offense level applicable to the predicate acts is 27, for attempted second degree murder. *Compare* U.S.S.G §2A2.1 (2005) (base offense level of 27 for attempted second degree murder) *with* U.S.S.G §2A6.1 (2005) (base offense level of 12 for threatening communications); U.S.S.G §2D1.1(c)(14) (base offense level of 12 for distribution or possession with intent to distribute cocaine base). Thus, given Defendant's criminal history category of III, a base offense level of 27 yields a sentencing range of 87-108. Considering the scope of Defendant's participation in violent acts and drug offenses, the Court believes that a sentence at the top of the guideline range is appropriate, considering the factors set forth in 18 U.S.C. § 3553(a).

5

The other grounds cited in Defendant's motion to correct are entirely without legal foundation, and thus will not be discussed.

Defendant's motion is thus GRANTED IN PART and DENIED IN PART. The life sentence imposed on August 18, 2006, in connection with Count Three is VACATED, and the Court's judgment order entered this day reflects a sentence of 108 months for Count Three, to run concurrently with Counts Two, Eleven, Fifteen, Sixteen, and Seventeen.[6] The Court's judgment that Defendant shall serve a life sentence on Count Two, however, will remain in effect.

It is so ORDERED.

The Clerk of the Court is directed to send certified copies of this Opinion and Order to all Counsel of Record.

ENTERED: _Norman K Moon_
U.S. District Judge

_August 29, 2006_
Date

---

[6] Defendant was also sentenced to 120 months as to Count Twelve, to be served consecutively to all other counts.

6