IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Case No. 3:04cr00047-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **LOUIS BRYANT,** | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Louis Bryant, a federal inmate proceeding *pro se,* filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging his 2006 conviction and sentence. The government filed a motion to dismiss and Bryant has responded, making this matter ripe for consideration. I conclude that Bryant's instant motion is second or successive under § 2255(h). Bryant has not obtained permission from the United States Court of Appeals for the Fourth Circuit to file a second or successive motion; therefore, I do not have jurisdiction to consider Bryant's motion. Accordingly, I will dismiss Bryant's § 2255 motion without prejudice.

**I.**

On February 16, 2005, Bryant and sixteen codefendants were charged in a nineteen-count superseding indictment.[1] On May 22, 2006, the jury found Bryant guilty of eight counts related to narcotics trafficking, firearms offenses, and associated violent acts stemming from his role as

---

[1] Bryant was charged with the following twelve counts. Count One charged Bryant with conspiring to distribute illegal narcotics, in violation of 21 U.S.C. §§ 841(a)(1), 846, 859, 860, and 861; Count Two charged him with continuing a criminal enterprise, in violation of 21 U.S.C. § 848(a) and (b); Count Three charged him with conspiring to participate in a racketeer influenced corrupt organization, in violation of 18 U.S.C. § 1962(d); Counts Five and Six charged him with attempting to murder Natalie Reyes and James Jones, in aid of racketeering activity, in violation of 18 U.S.C. §§ 2 and 1959(a)(5); Count Eleven charged him with possessing marijuana with the intent to distribute, in violation of 18 U.S.C. § 841(a)(1); Count Twelve charged him with use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and Counts Thirteen, Fourteen, Fifteen, Sixteen, and Seventeen charged him with attempting to murder Richard Koonce, Philip Green, and Robert Pryor, and threatening to murder Pryor and his family, in aid of racketeering activity, in violation of 18 U.S.C. §§ 2 and 1959(a)(5).

leader of a violent drug organization in Charlottesville, Virginia.[2] By special verdict, the jury found that Bryant was a principal supervisor and leader in the enterprise, that the enterprise involved the distribution of 1.5 kilograms or more of substances containing cocaine base, and that a number of violent acts and narcotics offenses were carried out in aid of the enterprise's racketeering activities.

On August 21, 2006, I sentenced Bryant to life imprisonment.[3] Bryant appealed and the Fourth Circuit remanded with instructions to vacate the conviction on Count One, but affirmed all of the other convictions, and the life sentence. Bryant appealed to the United States Supreme Court, which denied his petition for writ of certiorari.

Bryant filed his first § 2255 motion on June 2, 2010, raising claims concerning the court's jurisdiction, trial court error, prosecutorial misconduct, sentencing inequity, and ineffective assistance of counsel. Subsequently, Bryant filed a motion for "leave to expand the record," that included affidavits from Detric Cabell, Travis Chalk, and a letter from Roger Henry. The court granted Bryant's motion to expand the record on August 17, 2010. On February 10, 2012, Bryant filed a second motion for "leave to expand the record" to include affidavits from Chandar Bingham, Gershom Canady, and Lamont Payne. On April 19, 2012, the court granted Bryant's second motion to expand the record. Thereafter, on January 31, 2013, I granted the government's motion to dismiss. Bryant appealed and the Fourth Circuit denied a certificate of appealabilty and dismissed the appeal on May 6, 2013.

---

[2] The jury found Bryant guilty of Counts One, Two, Three, Eleven, Twelve, Fifteen, Sixteen, and Seventeen. The jury acquitted Bryant on Counts Five and Six and Counts Thirteen and Fourteen were dismissed on the government's motion.

[3] This sentence consisted of life imprisonment for Counts Two and Three, 60 months for each of Counts Eleven, Sixteen, and Seventeen, and 120 months for Count Fifteen, all to be served concurrently. The sentence further imposed 120-months imprisonment as to Count Twelve, to be served consecutively. Bryant filed a motion to modify sentence and I vacated the sentence imposed for Count Three and entered a sentence of 108-months imprisonment.

On May 12, 2014, Bryant filed the instant motion, claiming that newly discovered evidence, in the form of sworn affidavits, demonstrates that witnesses against him provided false information to investigators and testified falsely at his trial.[4]  I construed his motion, which he labeled "motion/petition for new trial," as a § 2255 motion and, in light of the Fourth Circuit's ruling in *United States v. Hairston*, 754 F.3d 258 (4th Cir. 2014), ordered the government to respond.  In its response, the government argued that the "underlying facts of [Bryant's] current claim existed at the time his first § 2255 motion was filed" and thus, the instant § 2255 motion should be dismissed as an unauthorized successive motion.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 mandates that if a defendant has already filed one motion for collateral relief to vacate, set aside, or correct a sentence, a

> second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Bryant filed a prior § 2255 motion on June 2, 2010, which I dismissed on January 31, 2013.  In *Hairston,* the Fourth Circuit recognized an exception to the successive petition bar, holding that "a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where . . . the facts relied on by the movant seeking

---

[4] On June 16, 2014, Bryant filed a "motion to be resentenced in light of *Alleyne [v. United States,* __ U.S. __, 133 S. Ct. 2151 (2013)]."  I construed his pleading as a motion pursuant to § 2255 and dismissed it as successive on June 20, 2014.  I noted that Bryant's motion did not allege new facts, but rather based his claim "on a change in law that he believes affects his sentence."  Bryant appealed and the Fourth Circuit denied a certificate of appealability and dismissed the appeal.

3

resentencing did not exist when the numerically first motion was filed and adjudicated." *Id.* at 262. As discussed below, I conclude that Bryant's instant § 2255 motion does not fall under this exception and I further conclude that Bryant's instant motion is a second or successive one under § 2255(h). Because Bryant has not obtained permission from the Fourth Circuit to file a second or successive motion, I do not have jurisdiction to consider Bryant's motion.

In *Hairston,* the petitioner filed a § 2255 petition after the state court vacated a prior conviction which had raised his criminal history category from III to IV. 754 F.3d at 259. Though a previous § 2255 petition had been denied, the Fourth Circuit concluded that the § 2255 petition was not a second or successive petition within the meaning of § 2255(h) because Hairston's claim was not ripe until his state conviction was vacated. *Id.* at 261-62. However, *Hairston* does not provide Bryant with relief because the information presented in Bryant's instant § 2255 motion existed when his first motion was filed and adjudicated. *See id.* at 262. Further, the issue in *Hairston* involved a prior conviction being vacated, not the discovery of new evidence that certain witnesses testified falsely at trial. *See id.* at 258.

Bryant's instant § 2255 motion alleges that newly discovered evidence demonstrates that witnesses against him provided false information to investigators and false testimony at trial. Specifically, Bryant's supporting affidavits allege that the following individuals provided false information or testimony: Ernest Anderson, David Woodfolk, Brooks Woodfolk, Jesse Williams, Sidney Stinnie, Lorenzo Timberlake, Roger Henry, Derrick Smith, Lorenzo Lauderbachs, Detric Cabell, and Andre Waller.[5] Bryant does not identify any specific statements

---

[5] Bryant provides the following affidavits: (1) Antonio Fulford avers that, while he was cellmates with Sidney Stinnie, Stinnie told him he "lied at the Grand Jury and other meetings just to get a time cut." Bryant also includes a letter from Stinnie stating, "[t]he government told us to do a lot of stuff that if the Judge knew he would've handled this case totall[]y diff[e]rent."; (2) Terry Suggs avers that witnesses who testified against Bryant "testified falsely and admitted they were 'testalying' to go home."; (3) John Bryant avers that, while at the Orange County Jail, David Woodfolk, Lorenzo Timberlake, and Roger Henry "bagged and joked about testifying falsely."; (4) Travis Brown avers that "Roger Henry, Brooks Woodfolk, Sidney Stinnie, and Derrick Smith, used to practice

4

he claims were false, or exaggerated, but rather states "the false testimony is too volumes [sic] to point out specifics."

What Bryant now alleges to be new facts regarding false witness testimony actually existed when he filed his first § 2255 motion. In his first § 2255 motion, Bryant filed affidavits alleging false witness testimony and naming many of the same individuals he names in the instant motion. The record for Bryant's first § 2255 motion included affidavits from Chandar Bingham, Gershom Canady, and Lamont Payne.[6] These affidavits alleged that Ernest Anderson, David Woodfolk, Brooks Woodfolk, and Jesse Williams provided false information or testimony against Bryant. While the instant § 2255 motion contains some additional affidavits and references seven individuals not named in his first motion, the underlying claim that witnesses provided false testimony is substantially the same.[7] Thus, Bryant's circumstances are clearly distinguishable from those of the petitioner in *Hairston*, where Hairston's underlying conviction

---

and collab[o]rate false testimony against Bryant to receive lesser sentences."; (5) Christopher Folley avers that he witnessed codefendants "conjure false testimony against Bryant."; (6) Chandar Bingham avers that his cellmate Ernest Anderson, "tried to recruit [him] in support of fabricating criminal charges" regarding Bryant; (7) Gershom Canady avers that cellmate David Woodfolk told him he lied during his testimony against Bryant, and that the government was aware that witnesses were lying; (8) Lamont Payne avers that, while in a courthouse holding cell in 2006, he witnesses Ernest Anderson and Jesse Williams "conjure up false [cocaine] drug sale amounts they had supposedly received from Bryant."; (9) Detric Cabell avers that he was told by a federal prosecutor and detective to "boost the drug amounts" during his testimony against Bryant. Cabell further states that he participated a conversation in 2005 between Brooks Woodfolk, David Woodfolk and Derrick Smith where they "organized testimonies . . . to accommodate the government's case against Bryant." and; (10) Travis Chalk avers that Roger Henry told him that the prosecutor pressured Henry to testify against Bryant. Bryant also claims that Rashadi Wearing told him that agents threatened him with additional imprisonment if Wearing testified on Bryant's behalf.

On December 29, 2014, Bryant filed a "motion to expand the record" to include the Affidavit of Andre Waller, which I will grant. This affidavit alleges certain unspecified false testimony by Anderson. Waller avers that he was present during the "event that led up to Mr. Tibbs death and … Mr. Bryant was not directly or indirectly involved in anything to do with that event." However, Bryant fails to explain the relevance of information regarding Tibb's murder. Furthermore, Waller alleges that the murder of Tibbs took place in 2000. Thus, this alleged "new fact" existed at the time that Bryant filed his first § 2255 motion on June 2, 2010.

[6] On April 19, 2012, I granted Bryant's motion to expand the record as to claim 13 of his first § 2255, adding these affidavits.

[7] The affidavits included in Bryant's instant § 2255 motion reference the following individuals not named in his first motion: Sidney Stinnie, Lorenzo Timberlake, Roger Henry, Derrick Smith, Lorenzo Lauderbachs, Detric Cabell, and Andre Waller.

was vacated after his first § 2255 motion was filed and adjudicated. Hairston's claims did not exist at the time of his first § 2255 motion. In contrast, Bryant's claims regarding false witness testimony did exist at the time of his first § 2255 motion. Accordingly, Bryant's assertion of "newly discovered evidence" does not overcome the bar to second and successive § 2255 motions, because the alleged facts supporting his claim existed prior to the time of his first motion.[8] *See Jefferson v. United States*, No. 5:09-cr-251, 2014 WL 3721303, at *5 (E.D.N.C. July 24, 2014) (finding petitioner's § 2255 motion successive when, even though petitioner asserted he did not discover the evidence until recently, "the facts supporting the claim [had] been in existence well before the time of petitioner's first [motion]."); *see also United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence.")

In his reply to the government's motion to dismiss, Bryant argues that the facts alleged in the affidavits of Antonio Fulford (dated March 12, 2014), Terry Suggs (dated September 1, 2013), John Bryant (dated August 13, 2013), Travis Brown (dated September 6, 2013), and Christopher Folley (dated September 6, 2013), did not exist when Bryant filed his first § 2255. However, while these affidavits were signed after I dismissed Bryant's first § 2255 motion, the facts alleged in the affidavits existed prior to the time of Bryant's first motion.[9]

---

[8] In his "motion to expand the record," Bryant cites to *Scott v. United States*, 761 F. Supp. 2d 320, 325 (E.D.N.C. 2011), as support. However, this case does not help Bryant because the court in *Scott* found that the petitioner had no knowledge of the facts providing the basis for his second § 2255 motion until well after he had filed his initial motion.

[9] Bryant also asserts in his reply that his claims regarding false testimony and prosecutorial misconduct alleged in his first § 2255 motion were dismissed as procedurally defaulted, and thus never adjudicated on the merits. Bryant argues that where the district court has not addressed the merits of a habeas petitioner's argument because of procedural defects, a second habeas petition asserting those same claims is not a "second or successive" petition. However, this argument fails because a dismissal for procedural default is a dismissal on the merits. *See Harvey v. Horan*, 278 F.3d 370, 380 (4th Cir. 2002) ("By every reckoning, a dismissal for procedural default is a

Finally, courts have interpreted *Hairston* to apply exclusively to cases involving a vacated conviction, which further defeats petitioner's reliance on *Hairston*. *See Dais v. United States*, No. 4:03-cr-00386, 2015 WL 1862806, at * 3 (D.S.C. Apr. 23, 2015) ("Because this case does not involve a vacated conviction, the Court concludes that *Hairston* does not provide Petitioner with relief."); *see also Dunn v. United States*, No. 8:97-cr-0762, 2014 WL 3499257, at * 4 (D.S.C. July 14, 2014); *Joy v. United States*, 2014 WL 3054727, at *2 (D.S.C. July 3, 2014).

### III.

For the reasons stated herein, I will grant the government's motion to dismiss and will dismiss Bryant's § 2255 motion without prejudice.

**ENTER**: This __19th__ day of May, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

dismissal on the merits. It is critically different from a dismissal for failure to exhaust which does not prevent federal habeas review at a later date.").