# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:04-cr-00047 |
| v. | MEMORANDUM OPINION & ORDER |
| LOUIS ANTONIO BRYANT, | |
| *Defendant.* | Judge Norman K. Moon |

Defendant Louis Antonio Bryant, proceeding *pro se*, moves for the Court to reconsider its prior ruling denying his compassionate release motions and to reduce his sentence by ten months. For the following reasons, the Court will deny his motions for reconsideration.

## Background

From around 1995 to 2005, Bryant was involved in a drug trafficking organization based in Charlottesville, Virginia. Dkt. 1843 ¶ 33. The organization distributed large amounts of cocaine, heroin, phencyclidine ("PCP"), and marijuana. *Id.* It was also involved in murder, attempted murder, kidnapping, robbery, and intimidation, all in furtherance of its enterprise. *Id.* Law enforcement agents identified Bryant as the leader of the organization. *Id.*

In 2004, Robert Pryor, a drug dealer, stole about 50 pounds of marijuana from Bryant. *Id.* ¶ 34. Thereafter, Bryant and his associates sought revenge on Pryor, holding several of Pryor's associates at gunpoint. *Id.* As a result of the marijuana theft, five separate shooting incidents occurred in Charlottesville over two months. *Id.* Bryant's organization shot into several vehicles and homes, attempting to murder Pryor. *Id.* Bryant also threatened to murder Pryor and his family twice. *Id.*

A superseding indictment charged Bryant with twelve counts. Dkt. 213. Count 1 charged him with conspiracy to possess with intent to distribute and to distribute 50 grams or more of crack cocaine and 5 kilograms or more of cocaine hydrochloride, heroin, PCP, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846, 859, 860 and 861. Count 2 charged him with engaging in a continuing criminal enterprise involving possession with intent to distribute and distribution of cocaine base, or crack cocaine, involving at least 1.5 kilograms, in violation of 21 U.S.C. §§ 848(a)–(b) and 846. Count 3 charged him with conspiracy to participate in a racketeer influenced corrupt organization, in violation of 18 U.S.C. §1962(d). Counts 5 and 6 charged him with attempted murders of Natalie Reyes and James Jones, in aid of racketeering activity, in violation of 18 U.S.C. §§ 2 and 1959(a)(5). Count 11 charged him with possession of marijuana with intent to distribute, in violation of 18 U.S.C. § 841(a)(1). Count 12 charged him with using, carrying, brandishing, and discharging a firearm during and in relation to a drug trafficking crime as charged in Count 1, in violation of 18 U.S.C. § 924(c)(1). Counts 13, 14, 15, 16 and 17 charged him with attempted murders of Richard Koonce, Phillip Green, and Robert J. Pryor, and threatening to murder Pryor and his family, in aid of racketeering activity, in violation of 18 U.S.C. §§ 2 and 1959(a)(5).

In November 2005, Bryant and three co-defendants proceeded to trial. The Court declared a mistrial due to juror misconduct. Dkt. 829. Following Bryant's second trial, the jury found him guilty of Counts 1, 2, and 3. Dkt. 1007. With respect to Count 2, the jury specifically found that, in addition to the required predicate acts under 21 U.S.C. § 848(a), Bryant was "a principal administrator, organizer, supervisor, and leader" and that the offense involved "1.5 kilograms of more" of cocaine base. *Id.* The jury also convicted Bryant on Counts 11, 12, 15, 16,

and 17. *Id.* He was acquitted on Counts 5 and 6, while Counts 13 and 14 were dismissed on the Government's motion. *Id.*

Based on the then-existing sentencing guidelines, the Court sentenced Bryant to life imprisonment plus 120 months, to be served consecutively. Dkt. 1140. Bryant appealed, and in November 2008, the Fourth Circuit remanded with instructions to vacate Bryant's Count 1 conviction but affirmed his other convictions and life sentence. *United States v. Bryant*, 417 F. App'x 220, 221 (4th Cir. 2008) (unpublished).

In April 2019, Bryant moved for the Court to reduce his sentence under the First Step Act of 2018. Dkt. 1842. The Court granted his motion, finding that Bryant was eligible for a sentence reduction due to the modified penalties of the Fair Sentencing Act of 2010. Dkt. 1905. Upon considering the § 3553(a) factors, the Court reduced his sentence to 300 months' imprisonment, a downward variance from his advisory guidelines range. *Id.*

Between 2020 and 2021, Bryant filed two compassionate release motions, seeking release on account of the COVID-19 pandemic. Dkts. 1911, 1919. The Court denied his motions, noting that although Bryant has obesity and hypertension, he did not demonstrate extraordinary and compelling reasons warranting release because he had received Pfizer's COVID-19 vaccine, and, moreover, the § 3553(a) factors weighed against any further sentence reduction, much less release. Dkt. 1928. The Court also denied Bryant's motion for reconsideration of its denial of his compassionate release motions. Dkt. 1931.

Bryant filed additional compassionate release motions in September 2021, January 2022, and February 2022. Dkts. 1935, 1947, 1949. In April 2022, the Court denied his motions on similar grounds as its prior denial of his compassionate release motions. Dkt. 1953. The Court, however, granted his motion requesting a non-binding recommendation that the Federal Bureau

of Prisons ("BOP") place him in a residential reentry center for the last twelve months of his sentence. *Id.*

Now, Bryant has filed two motions asking the Court to reconsider its April 2022 denial of his compassionate release motions. Dkts. 1961, 1963. According to the BOP, he is set to be released from prison on September 22, 2025.

## Statutory Framework

A court generally may not modify a term of imprisonment once the court has imposed sentence. 18 U.S.C. § 3582(c); *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (noting "the default position stated in 18 U.S.C. § 3582(c) is that a sentencing court 'may not modify a p-0term of imprisonment once it has been imposed'"). However, a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction," after the defendant has asked the BOP and fully exhausted administrative appeals following denial of the request. 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted. *United States v. Owens*, No. 7:08-cr-31, 2021 WL 4975273, at *2 (W.D. Va. Oct. 26, 2021).

The Fourth Circuit has held that "district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotation marks and citation omitted). "[I]n the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release [under § 3582(c)(1)(A)] when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison

facility." *United States v. Colleton*, No. 21-6015, 21-6021, 2022 WL 18500, at *1 (4th Cir. Jan. 3, 2022) (unpublished) (per curiam) (citation omitted).

If a defendant has shown that extraordinary and compelling reasons support a sentence reduction, the Court must consider the applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A). A district court has "broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021).

## Discussion

A. **Extraordinary and Compelling Reasons**

In his motions, Bryant argues the Court should reconsider its April 2022 denial of his compassionate release motions because he can now establish extraordinary and compelling reasons for a sentence reduction. He first claims he is at a high risk of contracting severe COVID-19 due to his hyperlipidemia (high cholesterol), pre-diabetes,[1] and low vision in both eyes. Dkt. 1961 at 2. However, according to the Center for Disease Control and Prevention ("CDC"), none of these medical conditions place him at a higher risk for severe COVID-19.[2] *See United States v. Petway*, No. 21-6488, 2022 WL 168577, at *3 (4th Cir. Jan. 19, 2022)

---

[1] According to the CDC, a person with diabetes is at a higher risk of contracting severe COVID-19. *See Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (last visited June 20, 2023). However, Bryant's medical record reflects he has pre-diabetes, not diabetes. Dkt. 1961 at 16.

[2] *See Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19*, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (last visited June 20, 2023).

(unpublished) (providing a court should "look to the CDC for guidance" "to determine whether a particular condition places a person at an increased risk of a severe COVID-19 illness").

Bryant also claims that the Court relied too heavily on his vaccination status in denying his motions and that his vaccination status does not eliminate concerns about his underlying medical conditions. Dkt. 1961 at 2–3. But as the Court noted in its prior opinions, although the vaccines are not 100 percent effective at preventing illness and death, they are still highly effective. Dkt. 1928 at 3; Dkt. 1953 at 6. Evidence today continues to support that COVID-19 vaccines help to protect against severe disease, hospitalization, and death in adults.[3] In addition, Bryant has not established that he is particularly susceptible to severe illness or death should he contract COVID-19. *See Colleton*, 2022 WL 18500, at *1; *United States v. Maldonado*, No. 1:14-cr-338, 2022 WL 7610270, at *4 (E.D. Va. Oct. 13, 2022). Thus, because Bryant is vaccinated, the Court finds that any potential risks posed by COVID-19 due to his underlying medical conditions do not constitute extraordinary and compelling circumstances. *See generally United States v. Sanders*, No. 06-087, 2021 WL 1428546, at *3 (D. Md. Apr. 15, 2021) (concluding "that [the defendant's] vaccination status removes his other medical conditions from the category of risk constituting an 'extraordinary and compelling reason'").

Next, Bryant asks this Court to consider that "he has been subject to extraordinarily restrictive and punitive conditions of confinement" and "has suffered multiple COVID-related lockdowns over the last two years." Dkt. 1961 at 5–7. The Court, however, has already considered these same arguments in its prior opinion. *See* Dkt. 1953 at 7–8. In addition, harsh conditions of imprisonment related to COVID-19 are not, without more, sufficient to constitute

---

[3] *See COVID-19 Vaccine Effectiveness Update*, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://covid.cdc.gov/covid-data-tracker/#vaccine-effectiveness (last visited June 20, 2023).

an extraordinary and compelling reason for compassionate release. *United States v. Hall*, No. 04-cr-0323, 2022 WL 2105975, at *3 (D. Md. June 10, 2022); *see also United States v. Hatcher*, No. 18-cr-454, 2021 WL 1535310, at *3 (S.D.N.Y. Apr. 19, 2021) (granting compassionate release where a defendant proffered "a confluence of circumstances unique to her case—and beyond just the harsh conditions of incarceration occasioned by the pandemic"). Bryant fails to allege how these harsh conditions of imprisonment are unique to his case, and without more, he fails to establish an extraordinary and compelling reason for compassionate release. *See Hall*, 2022 WL 2105975, at *3.

In addition, Bryant contends that, even though he has a § 924(c) conviction that is part of his current, aggregate sentence, the BOP should not have deemed him ineligible for First Step Act ("FSA") time credits. Dkt. 1963 at 1–3. Section 3632(d)(4)(D) provides that a prisoner "is ineligible to receive [FSA] time credits" if he "is serving a sentence for a conviction" for any of the enumerated offenses. 18 U.S.C. § 3632(d)(4)(D). One enumerated disqualifying offense is "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." *Id.* § 3632(d)(4)(D)(xxii). Bryant contends that, because his § 924(c) sentence is running consecutively to his sentence for the other qualifying offenses, he is only disqualified from earning FSA time credits during the 60-month sentence for his § 924(c) conviction. Dkt. 1963 at 2. Therefore, he asserts that being "completely disqualified from earning FSA time credits is arguably an extraordinary and compelling circumstance." *Id.* at 3; *see also* Dkt. 1962 at 1–2.

His argument lacks merit.[4] Under the plain language of § 3632(d)(4)(D), Bryant's § "924(c) conviction and sentence render him ineligible to receive FSA time credits." *Goodman v. Sage*, No. 4:22-cv-981, 2022 WL 18028148, at *3 (M.D. Pa. Dec. 30, 2022). This conclusion is further supported by the relevant regulations, which provide that "[i]f the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits." 28 C.F.R. § 523.41(d)(2). In addition, § 3585(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3585(c). Because Bryant is serving his § 924(c) sentence as part of "a single, aggregate term of imprisonment," he is statutorily ineligible to receive FSA time credits. Thus, he fails to show how his ineligibility for FSA time credits constitutes an extraordinary and compelling reason for compassionate release.

Lastly, Bryant asserts the Government has changed its charging policy, which he claims has created sentencing disparities between him and similarly situated defendants charged and sentenced today. Specifically, he contends that most defendants today with comparable conduct to his are "almost always charged under" 18 U.S.C. § 1962, the RICO statute, rather than under 21 U.S.C. § 848(b) for engaging in a continuing criminal enterprise—as he was charged.[5] Dkt. 1963 at 3–4. A conviction under § 848(b) has a statutory minimum of 20 years while a

---

[4] Other district courts have rejected similar arguments by defendants. *See, e.g.*, *Goodman*, 2022 WL 18028148, at *3; *Dahda v. Hudson*, No. 23-3008, 2023 WL 2815920, at *1 (D. Kan. Mar. 7, 2023); *see also Martinez v. Rosalez*, No. 1:22-cv-1297, 2023 WL 2904579, at *4 (W.D. Tex. Apr. 10, 2023), *report and recommendation adopted*, No. 1:22-cv-01297, 2023 WL 3441566 (W.D. Tex. May 12, 2023); *Giovinco v. Pullen*, No. 3:22-cv-1515, 2023 WL 1928108, at *3 (D. Conn. Feb. 10, 2023).

[5] The Court notes that Bryant was charged and found guilty under both 21 U.S.C. § 848(b) and 18 U.S.C. § 1962. *See* Dkt. 1007.

conviction under § 1962 has a statutory maximum of 20 years. 21 U.S.C. § 848(a); 18 U.S.C. § 1993.

His argument fails because he provides no evidence or case law to support his claim that the Government has changed its charging policy. *See* Dkt. 1963 at 3–4. He also fails to demonstrate that he would not have been charged with violating 21 U.S.C. § 848(b) under the purported charging policy today. *See, e.g.*, *United States v. Rodriguez*, 451 F. Supp. 3d 392, 405, n.32 (E.D. Pa. 2020) (rejecting defendant's argument that changes in DOJ charging policy supported compassionate release when "he ha[d] not demonstrated that he would be charged differently today" and failed "to show that under current DOJ policy he would not have been charged with violating 18 U.S.C. § 924(c)"). Accordingly, Bryant has not demonstrated extraordinary and compelling reasons to warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).

**B. § 3553(a) Factors**

Even if he had, the 18 U.S.C. § 3553(a) sentencing factors weigh against reducing his sentence. The relevant factors to consider are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

In Bryant's case, the Court already considered many of these factors in reducing his sentence to a below-guidelines sentence in its order granting his First Step Act motion. Dkt. 1905. There, the Court specifically noted that Bryant had accepted responsibility for his crimes, showed good behavior while in prison, earned his GED, received positive feedback from his work supervisor, and obtained significant community support. *See id.*; Dkt. 1910 at 36–39.

Now, Bryant asks the Court to consider new evidence he claims supports that the § 3553(a) factors weigh in favor of reducing his sentence by ten months. Specifically, he asserts he is at a low risk of recidivism due to his age of 46, that he has been transferred to the low-security facility at FCI Petersburg, and that the BOP rates him as a low risk of recidivism. Dkt. 1961 at 8–9. He also has served a majority of his sentence and has participated in several programming opportunities while incarcerated. *Id.* at 9–10; Dkt. 1962 at 1. The Court believes this evidence indicates Bryant has shown good behavior and matured during incarceration, and it thus weighs slightly in favor of a sentence reduction.

However, a majority of the § 3553(a) factors weigh against reducing his sentence by ten months. Bryant's offenses are serious. He was convicted by a jury of conspiring to possess with intent to distribute cocaine, heroin, PCP, and marijuana, engaging in a continuing criminal enterprise involving possession with intent to distribute and distribution of cocaine base, and conspiring to participate in a racketeer influenced corrupt organization. The jury specifically found that he was "a principal administrator, organizer, supervisor, and leader" of the drug conspiracy. He was also found guilty of attempted murder and threatening to murder. Considering the nature of his conduct, the § 3553(a) factors of needing to reflect the seriousness

of the offense, to promote respect for the law, and to provide just punishment for the offense weigh against reducing his sentence.

Therefore, the Court concludes that Bryant's current sentence remains sufficient, but no greater than necessary, to reflect the seriousness of the offense, to promote respect for the rule of law, to provide just punishment, to afford adequate deterrence, to protect the public, and to provide him with needed training, care, and treatment. *See* 18 U.S.C. § 3553(a).

## Conclusion

For the reasons stated above, the Court **DENIES** Bryant's motions for reconsideration, Dkts. 1961, 1963.

The Clerk of Court is directed to send this Memorandum Opinion and Order to Defendant and all counsel of record.

It is so **ORDERED**.

Entered this __5th__ day of July, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE